Entered on Docket
September 07, 2011
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CHRISTINE A. MONTGOMERY,  No. 10-14520

                Debtor(s).
_____/

Memorandum on Motion for Review of Fees
_____

      The U.S. Trustee has asked the court to review the fees of attorney Kathie J. Simmons, former counsel for debtor Christine Montgomery. Pursuant to § 329(b) of the Bankruptcy Code, the court may order the return of any fees to the extent the court determines that they exceed the reasonable value of services rendered. For the reasons discussed below, the court finds that Simmons' services in this case have no value whatsoever.

      The troubling facts in this case are not disputed. They begin with a prior Chapter 13 case which Simmons filed for Montgomery, case number 10-13910. In that case, Simmons and Montgomery agreed that Simmons' fees would be $2,500.00, paid before filing, which included the $274.00 court filing fee. Without telling Montgomery what she was doing, Simmons filed a false application for leave to pay the filing fee in installments. The application represented to the court that Montgomery was unable to pay the filing fee except in installments. Simmons represented on the electronically-filed application that Montgomery had signed the application, but this was false. Montgomery had not signed the application and had no idea that it had been filed. Based on Simmons'

representations, the court granted the application.

On November 15, 2010, the earlier case was dismissed because Simmons did not pay the filing fee installment payment which was due on November 10, 2010. Montgomery immediately called Simmons, who told Montgomery that she would seek reinstatement. Simmons never made any attempt to do so. Simmons then told Montgomery that they need to file a new Chapter 13 - this case - and that she (Simmons) would pay the filing fee. However, Simmons then told Montgomery that she (Simmons) did not have the money for the filing fee and asked to borrow it from Montgomery. Montgomery loaned Simmons $274.00 in cash. Simmons filed this case on November 23, 2010, by charging the filing fee to her credit card.

Pursuant to 2005 amendments to the Bankruptcy Code, when a second bankruptcy is filed within a year of dismissal of a prior case the automatic stay in the second case lasts only 30 days unless within that time a motion to extend the stay is filed and granted. 11 U.S.C. § 362(c)(3)(B). Simmons failed to make such a motion. She also failed to appear at the meeting of creditors. Montgomery then fired Simmons and demanded the return of the $2,500.00 she had paid Simmons.

Simmons refused to return the entire $2,500.00 to Montgomery, arguing that she had performed valuable services notwithstanding causing the prior case to be dismissed, failure to seek continuation of the automatic stay in the second case and failure to appear at the meeting of creditors in the second case. Simmons finally agreed to return $1,0000.00 of her fees, together with the $274.00 she borrowed for the second filing fee.

At the hearing on the U.S. Trustee's motion for review of her fees, Simmons acknowledged that she owes Montgomery more than the $1,000.00 she returned. The court certainly agrees. While Simmons' fees are among the lowest in this area for Chapter 13 cases, the facts above constitute a litany of dishonest acts and incompetency which have placed Montgomery in a worse position than if she had filed her original petition without an attorney.

The U.S. Trustee has filed two motions in this case: a request to review Simmons' fees, which the court addresses here, and a motion for sanctions. The court has opened a miscellaneous case file to

2

deal with the sanctions issue, as Simmons' wrongful conduct is not limited to this case. The court is limited here to review of Simmons' fees, and no grounds are alleged for awarding Montgomery more than she has actually paid.

The court has no difficulty fixing the value of Simmons' services in this case and the prior case at zero. Any work of value was more than cancelled out by her incompetence and dishonesty. Not only did Simmons convert her client's funds by failing to pay the filing fee to the court according to her agreement, but by sheer incompetence she caused the earlier case to be dismissed, failed to seek reinstatement which might well have been granted, and failed to obtain extension of the automatic stay in this case. Simmons is not entitled to any fee whatsoever on account of these acts and omissions.

For the foregoing reasons, Simmons shall be ordered to return the sum of $1,226.00 to Montgomery within 10 days of entry of an appropriate order, which the U.S. Trustee shall submit. The order shall provide that it is made without prejudice to any other rights, claims and causes of action Montgomery may have against Simmons. The court will deal separately with the motion for sanctions.

Dated: September 7, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge